United States District Court

Shawn Silner

(Plaintiff)

v

The Bristol Police Department et Al.
Lance Podresney
Dustin Demonte
Micheal Marino
Mark Kichar
Rodney Gotowala
Geoffrey Lund
Elizabeth Mosley
Marcia Gleeson
James Tallberg
Andrew Glass
Jeffrey A. Meyer
Sarah A.L. Merriam
~~Alexander I. Tauber~~
Joeseph Biden
The City of Bristol

Action Number:

SCANNED at
and Emailed MWCA
_____ by _____
date   initials  No.  pages

SCANNED at MWCA
and Emailed
_____ by _____ pages
date   initials

March 14th 2023

Verified Action For
Declatory, Injunctive,
Punitive and Compensator
Damages

(Jury Trial)

## Introduction

The Plaintiff Shawn Milner, an Unsentenced Arrestee with an A.D.A Qualified Disability brings this Action Under 42 U.S.C § 1982,1983,1985 Balleaina excessive Force, Assault and Battery, Negligence, Deliberate indifference to Serious Medical Needs, Failure to Supervise/Train, Defamation of Character/ Slander, Denial of Due Process, Obstruction of Justice and Conspiracy there to. The Defendants have also Deprived the Plaintiff his rights Pursuant 42 U.S.C § 12101 et seq and 28 CFR § 35.130 in addition to violating his 4th, 14th and 1st amendment constitutional rights while more over retaliating against him for the Utilization and assertion there of.

## Jurisdiction

The Court has direct Jurisdiction over this Action Pursuant 42 U.S.C §§ 1331(1) and 1343. The Court Additionally has Jurisdiction over the Plaintiffs state torts under 28 U.S.C 1369 in addition to 28 CFR § 35.130 and 42 U.S.C § 12132 et seq

## Parties

1) Plaintiff Shawn Milner, located at 1153 east st South and is at all times relevant to this action, makes an appearance in this case Pro Se and is further at all times relevant a Qualified individual with a Disability.

2) Defendants Lane Coltesner, Justin Demonte, Micheal marino Mark michar, Rodney Gotowala, Geoffrey Lund, The City of Bristol and The Bristol Police Department. Located at 131 North main street, Bristol ct 06010 (860) 584.2000. All defendants were acting under color of state Law, within the scope of their employment and are at all times relevant to this Action. Through discovery proceedings Additional Defendant who's identities are currently Unknown will be revealed. See Spence v Doe 139, F.3d.107,113 (2d Cir 1998) See Donald v County Sheriff's Dept 95.F.3d at 555 ("The court must Aid the Plaintiff in conducting discovery Investigations) Each defendant is sued in both their individual and official Capacities.

3) Defendants marcia Gleeson and Elizabeth Mosley. Located at 20 Franklin SQ New Britain ct and are at all times relevant to this action. Are sued in both their individual and official Capacities and were Acting under color of State law aswell as within the scope of their employment

4) Defendants James Tallberg and Andrew Glass. Located at 500 enterprise dr Rocky hill ct. Both defendants are at all times relevant to this action, were acting under color of State law aswell as within the scope of their employment and are sued in both individual and official Capacities

5) Defendants Jeffrey A meyer and Sarah A.L Merriam are Located at 141 Church St new haven ct. have Both Acted in clear abscense of Judicial discresion, have departed from Judicial roles, acted under color of state law aswell as within

the scope of their employment and are sued in both their official and individual capacities and are at all times relevant to this action.

Alexander Taubes is a defendant in this action located at 470 James Street Suite 007 New Haven ct. Is at all times relevant to this action and has Acted under color of state law aswell as within the scope of his employment and is sued in both his official and individual capacities.

6 Defendants Joeseph Biden and Kamala Harris are both located at 1600 Pennsylsania Ave Washinaton D.C Are sued inboth their individual and official capacities, have Acted Under color of State and U.S. law asden as within the scope of their employment and are at all times relevant to this Action. They were written Several times notifying them of All Misconduct set forth here in this Action and refuse to respond ol Act. They are both sued in their individual and official capacities.

7 Defendants John and Jane does 1 through 5 are the currently unidentified culprits in this action whos identities wil be revealed via discovery asden as their conspiracy to all misconduct set forth here in this action. They are at all times relevant, have Acted within their scope of employment, Under color of state law and are sued in both individual and official capacities

## Statement of Facts

### Disability of the Plaintiff

8) At all times relevant the Plaintiff das, is, and continue to be a Qualified individual with Disabilities that indeed Significantly limits one or more of his lifes Activities (see 42 U.S.C. 12101(1) See 29 § 706(7)(B) See Colsen v Suffolk County Police Dep't 967 F. Supp 1419, 1425 (E.D.N.Y 1997) "Expert Testimony is not required to establish the existence of a Disability". However! See Attatchment A) Expert Testimony is Attatched.

### First Cause for action:
#### Illegal Search and Seizure of Plaintiff

9) Some Use of Force cases are typically Analyzed under the 4th amendment "reasonableness" standard which governs "All Claims that Law enforcement officers have used excessive force whether deadly or not in the course of an arrest, an investigatory stop or other "Seizure" of a Free Citizen".. See Graham v Connor 490 U.S. 386, 395 109 S.ct 1865 (1989) U.S. v Schatzle 901 F.2d, 252, 254 (2d cir 1990)

10) Under the 4th amendment malice, intent, or an officers State of mind need not be shown only whether the officers actions were "objectively reasonable" in light of the facts and underlying circumstances confronting them. See Graham v Connor 490 U.S at. 397

11. On April 11th 2018 a Blue Nissan Maxima was "Stopped" by defendants Jason Kasterian and Mark Michal. Driven by an Individual then identified as an Eavan Robinson (who is not The Plaintiff) (See Attatchment B)

12. Although the Defendants clearly observed this vehicle was not being driven by the Plaintiff, the defendant Set forth an objective to Unreasonably and Unlawfu Falsly commonly charge the Plaintiff with "Operating" the motor Vehicle (See Attatchment B They Undisputably and Admittidly Saw another Individual Operating.

13. Even though Pursuant the defendants own Pursuit Policies (4.02) (See Attatchment C) There are aware Pursuits Are not Authorized for Traffic violation Motor Vehicle infractions, misdemeanors or non violent Felonies they initiated Pursuit of the Plaintiff and Continued to do so even after Defendants Rodney Gotow and Geoffrey Lund ordered them to Stop. See Mapp v ohio any contact the defendants had with the Plaintiff thereafter this Point Was indeed objectively Unreasonable Primarily due to the fact the "Objective" to Pursue and Seize the Plaintiff had not only been illegally Set Forth but then after terminated by supervisory officials to which Defendants Kasterian, Michar, Micheal Marino and Dustin Demonte ignored Unlawfully and Unreasonably aswell as defendant Lance Pockesney

Second cause For Action: Excessive Forcel Assault and Battery

14. After later locating the Plaintiff through further illegally set forth pursuit tactics, Pulling him out of a separate vehicle (That he was not the operator of) In such a threatening manner the Plaintiff was forced to create distance From Defendant Kuchar who then began to fire his department issued tazer Prongs at the Plaintiffs head narrowly missing his head and becoming lodged into the top of the vehicles steering wheel (See Attatchment D) This officer himself admits this deadly force utilized was not Justified. See Weeks v United States 222 U.S. 383 (1994)

15. In an epidemic where young black Men were being murdered by Police officers. The Plaintiff began to severely fear for his vitality and began to create further distance from Defendant Mark Kuchar when suddenly he was violently ran over from the rear by Defendant Lance Podresney (who drove his vehicle up onto the sidewalk locating the Plaintiff to do this) intentionally in violation of Attempt Vehicular homicide statues as Well as Bristol Police Department Policy 4.02 (See Attatchment B) For indeed Defendant Podresney operated his vehicle in a Manner causing it to comersiomize the Plaintiff's safety. When Asked why he did this by Defendant Gotowala Defendant Podresney stated he was attempting to "Pin him to the Wall" (Reffering to the Plaintiff) with his Police cruiser weighing thousands of Pounds and made of steel. This Act alone could have killed the Plaintiff. And in the face where so many other Alternative Apprehension methods were

Unobjective and criminally unconstitutional. After being ran over by defendant Podlesney the Plaintiff fell to the ground and was induced immediately. (See Att 5

Prior to Defendant Podlesneys cruiser being driven into the Plaintiff he admits he visually "observed" the Plaintiff and rather than stop prior to running into the Plaintiff, drove into him. Defendant Lance Podlesney then after exited his cruiser.

Observed Defendant Mark Michas strike the Plaintiff. And (without even checking to see if the Plaintiff was okay) pinned the Plaintiffs neck under over 200 Pounds of his weight while defendant Dustin Demonte and (Defendant Podlesney was kneeling on the Plaintiffs head/neck) Micheal Marino Arrived on Scene and handcuffed the Plaintiff behind his back while he lay on the ground bleeding going in and out of consciousness. Please note: Defendant Podlesney was drunk and already on unreasonable mindstate. As Such no Actions of this defendant were objectively reasonable.

Although At this Point the Plaintiff Was Secured and subdued in handcuffs, not resisting, not creating distance (or "fleeing") with 3 officers standing over him Defendant Podlesney Began Punching the Plaintiff (with such great force he injured his own hand in the Process) and as if such force was not enough began grinding his knee back and forth on the Plaintiffs head crushing his face into the cement. See Jones v Huff 789 F supp 526.536 (N.D. NY 1992) Slapping and Punching a handcuffed inmate violated the constitution See Lewis v Downs 774 F.2d 711 714 (6th cir 1985) evidence that an officer used force on a handcuffed Person violated the constitution See Minnesota v Chauvin (2020) (nationally Protested (George Floyd case to which absent Death the Plaintiffs case is similar) See U.S v Clayton 172 F.3d 347 351 n. 4 (5th cir 1999 (affirming officers convictions) (See Att 6

Third Cause For Action:
Failure to Protect/Train/Supervise

16) Even Though Defendants Micheal Marino, Dustin Demonte and Mark Michael clearly Saw Defendant Lance Pochesner continuously Punching the Plaintiff while kneeing on his neck and head for over a minute as the Plaintiff lay fully handcuffed Bleeding On the cement sidewalk Unconscience at no Point did any Defendant stop Pochesner or even Act to Protect the Plaintiff in any way. (See U.S. v Serrata 425 F.3d 886,895-96 (10th cir 2005)(affirming officers criminal conviction for failure to Protect) See Rutherford v City of Berkeley .780 .F.2d 1444 .1448 (9th cir 1986)(where 3 officers Present during Beating sufficient to allege Participation) (See Attatchment 6)

17) Rather than stop Defendant Pochesner from kneeing on the Plaintiffs Neck and Punching him while he was fully hand cuffed not Fleeing or Resisting defendant Dustin Demonte climbed on top of the Plaintiffs back in Participation, Defendant Micheal Marino (also in Participation) Assaulted the Plaintiffs legs (See Attatchment 9) In attempts to hide this criminal misconduct defendants (who are required Per Bristol Police Department Policy 9.03 to report their utilization of Force) refused to report their utilization of knee Force by defendant Pochesney (captured By Marinos Body camera and Dashcamera) Further, defendants Pochesney and Marino refused to even write any Incident Affidavit Reports.

18) After reviewing the Bodyworn and dash cameras of Defendants Micheal Marino, Mark Michael, Dustin Demonte and Lance Pochesney and Witnessing them run the Plaintiff over with their Police cruise cuff the Plaintiff, knee on his neck for over a minute and strike him repetitively, Defendants Rodney Gotowala, Geoffrey Lund, Captain Spicos, Elizabeth Mooley, Martha Gleeson, Jeffrey A Mayer Sarah A.L. Merriam, Andrew Glass, Alexander T. Taubes and William

Tona at no Point did any defendant Act to Protect the Plaintiff nor Eqvaiw apply Polivies and Laws already set forth by legislation to hold Defendants Podlesney, Krichar, Demonte, and Marino Accountable for their Assault on the Plaintiff, Attempt murder of him, reckless endangerment of him (and several additional C.G.S. Violations) and instead began conspiring with these defendants to assist them in Hiding these criminal Acts and completely refused to enforce Policies required to be set forth when officers are seen violating connecticut General Statues. See Minnesota v Chauvin 2020 widely protested George Floyd case where officers were Prosecuted for Kneeling on handcuffed intoxicated mans neck) (The Plaintiff's case is identicle to this matter absent death) Although All defendants were, and continue to be aware of these criminal Acts they have departed from Judicial, Prosecutorial and Governmental roles and refuse to do Anything or enforce Policies. See Meriwether v Coughlin 879 F.2d 1037, 1048 (2d cir 1989) (damages awarded against defendants aware of beating but did nothing) The Defendants have Also failed to (and refuse to) adequately investigate the Attempt murder of the Plaintiff even after Presented with evidence that All officers that Participated in it have lengthy misconduct histories See Fiacco v Rennselaer N.Y 783 F.2d, 319, 329 (2d cir 1986) See Bordanaro v Cartagena 882, F.2d, 553, 562-61 (1st cir 1989) Malcz v Gomez 889 F.Supp 1146, 1249 (N.D. Cal 1995) Several courts have enforced this lawful concept aswell as this court. As Such, Defendants City of Bristol, State of connecticut, United States of America and the Bristol Police department are indeed liable for the Assault and near fatal Excessive Force delivered on the Plaintiff (resulted from municipal policies Defendants failed to adequately train and supervise defendants on aswell as their failure to adequately even investigate(See Bordanaro v McLeod 871, F.2d at 1159-63 See Vann v City of New york 72 F.3d 1040) For Defendant Elizabeth mosley has witheld reports, emails and videotapes (that were only revealed and disclosed September of 2020 by defendants Andrew Glass and James Tauberg) That Directly reveals the existence of Previously Unknown and Unidentified defendants aswell as their Unconstitutional/criminal conduct and Also Points Directly to Further witheld evidenciary Videos that are Seen on the Previously witheld videotapes. See Gralinski v Millel 285 F.Supp 2d 190, 199 (D.Conn 2003) The Failure to

investigate excessive force complaints and the

discipline the officers supported a claim against

...ty) The defendants have taken great actions to tamper, hide...

...ious and even flat out deny the Plaintiff investigatorily needed

evidence (That they are still withholding [marino and Podleśny video,

emails, and Affidavits]) that they even refuse to review or investigate

See Phebus v City of Memphis 340 F. Supp 2d 874, 879 W.D. Tenn

2004 (allegations of failure to investigate train or discipline Police

refusal to adequately investigate civilian complaint and officer

false statements supported municipal claims) All defendants

were made aware of the Police Brutality Delivered on the Plaintiff and

took no Action at all to enforce any Government Policies to remedy it

or adequately investigate it, and rather conspired to hide it.

by submitting false statements, denying court access and several other means

When the Plaintiff sought remedy from Defendant Marcia Grieson

She refused to enforce Policies to discipline officials and officers

While Falsely claiming she had no "Control" over matters directly

in her Jurisdiction and Under her facilitation (See Attachment H)

(9) When the Plaintiff Moved Defendants Elizabeth Mosier, Sarah

A.L. Merriam and Jeffrey A. Meyers to investigate and discipline

the defendants who Assaulted the Plaintiff directly they refused

and Further, Denied the Plaintiff the camera evidence, reports

and emails of Defendants Lance Podlesney, Michea marino

Rozner Gotowala, Geofrey Lund, while Further Permitting

Defendants Andrew Glass and James Tanberg to withhold

this requested evidence. These Defendants have Also not

Only ruled in manners to obstruct, deny and Tamper with

evidence but to also deny the Plaintiff A.D.A Entitled

medical Services, Benefits and Activities asserted as Staff

Abuse investigations and failure to enforce judicial codes of

ethics asserted as rules of Professional Conduct.

Fourth Cause For Action:

Deliberate Indifference to Serious

Medical and Safety needs

30) After defendants Podlesney, Marino, Michal and Demonte near fatally Assaulted the Plaintiff while cuffed (and going in and out of consciousness (possibly seizing) the Plaintiff (who was so Phisically impaired he could not stand on his own at that moment) was then Assisted to his feet only for defendants to push him back down onto a ledge. (See Attachment I) As defendants clearly observed the Plaintiff Bleeding and in need of medical Attention.

31) Rather than Provide Medical care for the Plaintiff, they instead called Medical Services for Defendant Podlesney's hand he injured Punching the Plaintiff and Forced the injured Plaintiff into Defendant Demonte and Marino's cruiser. (See Attachment I) After diverting and denying him medical care

32) The Plaintiff there after informed defendants Demonte and Marino he felt light headed, dizzy, and an oncoming Seizure To which defendants Marino and Demonte obstructed, diverted and denied the Plaintiff medical care and told him to "Seize at the station". (See Attachment ) The Plaintiff soon after Seized near Fatally, was injured, and had to be instantly sent to Bristol Hospital to Undergo life Preservation critical Incident care. (See Attachment J) The Only Justification claim defendants Provided as to why they did this to the Plaintiff is that they did not know his name. (Names do not Justify Excessive Force)

<u>Fifth Cause For action</u>:
<u>Denial of Due Process \ Equal Protection of the Laws</u>

3) Under the due Process clause Arrestee's and Pretrial Detainees cann't be Punished <u>See Bell v Wolfish 441 U.S. 520, 535, 99 S ct 1861 (1979)</u> They can only be detained to ensure their Presence at trial. Conditions and Practices are indeed Unconstitutionally Punitive when intended to Punish detainees <u>See Mi Millian v Johnson 88 F.3d 1554, 1564 (11th cir )</u> and further constitutes Punishment if they are arbitrary, Purposeless, or excessive in relation to their Purpose See Wolfish at 441 J.S at 538-539 also See Benham

Their affidavits and ... H.S (S.D.N.Y. 1996) See Smalls v City of New York See Salahuddin v Coughlin 993 F.2d 918, 930 -31 (9th Cir 2004) (District court in all collaterals granted Judgement against Plaintiff without allowing him the discovery he had been seeking. Pursuant Federal Rule of Civil Procedure 26 a Party may seek discovery relevantly related to any claim or defense in his action. When the Plaintiff simply sought Relevant discovery videotapes (showing defendants Unconstitutional Acts) of relevant defendants Maher and Podlesney defendants Mayers, Merriam, Glass, Tambera and Mooney refused to Provide them and Further, Acted to hide, suppress and Tamper with this evidence that also reveals the Identity of currently Unidentified defendants See Valentin v Dinkins 121 F.3d 72, 75 (2d Cir 1997) ("when a party is ignorant of a defendant true identity it is unnecessary to name them until their Identity can be learned through discovery or aid from the court") See Spencer v Doe 139, F.3d 107, 1013 (2d Cir 1998) See Donald v Cook County Sheriff's Dept 95. F.3d at 555 ("The Court must Aid the Plaintiff in conducting Discovery investigations") Defendants Mayers and Merriam absolutely refused to Assist or Aid the Plaintiff in his discovery investigation and moreover literally Set forth Acts to Unlawfully stop, limit, obstruct and Tamper with it and also denied all of the Plaintiffs request for the relevant videotapes and reports contrarily Assisting and Aiding the defendants in criminally withholding this evidence to which denying the Plaintiff due Process of law / Equal Protection of the laws in the Process

21) Defendants Andrew Glass and James Tambera as well as Elizabeth Mooney Additionally Participated in Withholding discovery videotapes obstructing due Process and Justice. Defendants Tambera and Glass Further Set forth discovery requests and bad faith, recieved the requested discovery, Saw that criminally implicated their clients, and simply lied to defendants Judge Mayer and Judge Merriam falsly claiming that their did not recieve it solely to cheat/ obstruct the Plaintiff Justice and have his case dismissed in efforts to criminally conspire with the defendants and cover up their Attempt murder of the Plaintiff However these Acts occur on Recorded video camera and cannot be escaped

Sixth Cause for Action:

## Defamation of character/
## Slander/Libel

(25) See Minnesota v Chauvin 2020 (nationally protested George Floyd case to which Absent death the Plaintiffs Case is Similar) The conduct the defendants subjected the Plaintiff to is not only unlawful and Criminal but went Viral on Social media, appeared on Fox61 and channel 3 news and was indeed nationally protested against (to which Connecticut took place in those protests) in a most recent case leading to the Criminal Prosecution and Sentencing of a Police officer. The Plaintiffs matter was Also Televised (without his consent) viewed by millions of citizens (Some employers) And has defamed the Plaintiffs character, slandered him and indeed has subject him to embarassment to which Results directly and Proximately to the Acts and misrepresentation Set forth by the defendants then given to the media.

## Seventh Cause for Action
## discrimination/Conspiracy

(26) No Individual shall be excluded the Services Benefits Activities ect of a Public entity. The court is indeed a Public entity, which is responsible for Administering Judicial Services, benefits and Acts to which, although Autonomical case law in this very court exists where Judges have consistently administered Judicial Services and rulings in favor of Plaintiffs subject to Excessive force while handcuffed. However in direct violation of 42 U.S.C §§ 1981 (a)(B) Defendants have excluded and denied the Plaintiff the same rights afforded others to enforce/make contracts, to Give evidence to the full and equal benefit of all white citizens defendants who shall be subject to like Penalties, Punishments Pains, Taxes, Licenses (See Attachment ) See Patterson v McLean Credit Union 491 U.S. 164, 177, 109. S.ct 2363 (1989)

15 of 20

27) In the Plaintiffs case, the defendants collectively and individually agreed on a course of Action violating Statues 42 U.S.C. §1985 and 42 U.S.C. §1986 aswell as the Previously Mentioned Statues by directly agreeing to rule and Act in Manners to deter, Obstruct and by force intimidate the Plaintiff (who is also a Witness to the criminal deadly Assault the defendants deployed on him) From testifying in court aswell as Accessing the court and the videotape evidence\reports of Defendants Michael Maximillian Poklesney, Rodney Gorowala, Geoffrey Lund in addition to their emails All of which Points to other defendants identities\misconduct' Defendants Meyers Merriam, Mosley, Glass and Tambela have All been Put on Notice that this requested evidence Contains racial discrimination, Hate Acts based on color and further shows 4 white Police officers kneeling on the Plaintiffs Neck while he is fully handcuffed (not resisting or Fleeing) Punching him while verbally Abusing him aswell as they attack him calling him a "Black Motherfucker" and a "Monkey" and can be heard doing so via Audio\Video cameras. See Griffin v Breckenridge 403, U.S. 88 96-101 91.S.Ct 1790(1791) All defendants have Already Seen this Nationally Criminally Protested against conduct deployed on the Plaintiff, gained knowledge of it, and did absolutely Nothing about it See 42 U.S.C. §1986 See Hafner v Brown 983 F.2d 570,577-78 (4th cir, 1998) (Agents who watched an illegal Beating without Acting Participated in conspiracy)

28) When told that the defendants were in Possession of Further Evidence and Videos showing the racial violence done the Plaintiff Defendants Meyers and Merriam conspired with defendants to obstruct due course of Justice, refus

to order the production of said evidence, denied it, and ruled to prevent the Plaintiff from obtaining it. See 42 U.S.C. § 1985 See Charis v Clayton County School Dist 300 F.3d 1288,1289 These defendants thereafter ruled with Prejudice towards the Plaintiff under the veil of simple Procedural Misrepresentation Defendant Alexander T Tardes swore to fulfill i was binded by contract to fulfill and did not while telling the Plaintiff not to make any Procedural filing ( Defendant Meyer Also ORDERED the Plaintiff not to make any filings only to then After sanction him for believing he did not due to the perjury of defendants Andrew Glass and James Tallbella. Such Act indeed violate 42 U.S.C § 1985(3) See Barside Prison Litigation 190 F. Supp 2d. 755, 766-67 (D.N.J 2002) (Finding complaint sufficiently Pled § 1985 consp.(acy) Defendants Meyers and Merriam refused to allow the Plaintiff the discovery videos, emails, and reports he had been seeking, refused to Assist him in obtaining it, and further discriminatorily refused to rule in favor of the Plaintiff even after Watching videotapes of him nearly killed by 4 white officers ( who then Allowed to not only withhold video evidence but Pursue non celevant discovery that could not duplicate their criminal Acts in ambush solely to delay and obstruct the Plaintiff Justice. See Le Chemise Lacoste v Alligator Co Inc 60 F. R.D. 164,171 (D.Del 1973)(" Discovery should be Allowed unless the information savght can have no celevance or bearing on the subject matter of the Action") See Spencer v Doe 139 F.3d 107,113 (2d cir 1998 ) See Donald v Cook County Sheriff's Dept 95.F.3d at 555 (" The court Must Assist the Plaintiff in conducting discovery Investigations") Even though Defendants Meyer and Merriam were both made Aware over 10 times the Plaintiff Needed their Assistance in Discovery investigations they refused the Plaintiff Prejudicially. See See Ramsey v coughlin 94 F.3d 71,73-74 2d cir 1996) See Jones v Blangs 393 F.3d 918 930-31 (9th cir 2005)(" District Court innappropriately granted Judgement against Plaintiff without allowing him the discovery he had been seeking") Defendant have All additionally conspired to

deny the Plaintiff Medical care retaliatorily being denied him that Courts already ORDERED State agents to Provide the Plaintiff to Prevent his fatality. (See Attachment A)

29) The Primary Moving Force defendants claim in Justification is that they have Policies, laws or Procedures that Permit them to refuse medical care and Judicial services that Allow them not to rule in favor of a Plaintiff, Deny him discovery and Permit them not to default defendants they already watch videos of violating a Plaintiffs constitutional rights aswell as committing an Attempt murder of a Plaintiff.

30) Although Rule 56 clearly sets forth summary Judgement is entitled a Plaintiff who Proves the merits of his case and that there are no factual disputes to disprove the claimed unlawful conduct (to which Rule 56(F) Permits Judges to Rule Sua Sponte after Seeing a Plaintiff was Subject to conduct entitling him Summary Judgement) The defendants claim there are Policies and laws that Permit the commission of the Assault 1st, Attempted Murder (reckless endangerment excessive Force and other Criminal Acts of the defendants aswell as those defendants who conspired to hide it Some of which actually have extensive misconduct histories to which defendants continue to refuse to implement Policies to discipline them. The Plaintiff has sustained even Further injuries (Physical Mental and emotional) Due to these municipal Policies and customs. See Board of County Comm'rs v Brown 520 U.S. 397, 404, 117 S.Ct 1382 (1997) See Ware v Jackson County Mo. 150 F.3d 873 885 (8th Cir 1998) (Failure to discipline staff was "Moving Force" behind Abuse of Plaintiff It is axiomatic that unpunished crimes tend to bleed more Criminal activity") (See Attachment D) The Defendants crimes have gone unpunished for a significant amount of time.

31) Furthermore the Policies Permitting Defendants Meyer, and Merci to refuse the Plaintiff discovery, Permit defendants to withold it, aswell as their Practices and Customs then Persistently Utilize to dismiss cases Proven Unconstitutional on Procedural grounds "With Prejudice" after Seeing Videos of defendants not only violating the Constitution (and refusing to instantly cure in favor of Plaintiff Supports municipality liability in addition to the above defendants constitutional violations in refusing to (and making decisions to) cure in accordance with already set forth Policies (Rule 56, Rule 37, Rule 55) after discovering the defendants misconduct. See Monell v New York city Dept of social services 436 U.S. 658, 690, 98 S. ct 2304 (1989) See Gibson v county of Washoe Nev 290 F.32 1175. 1149-91 (9th cir 2002)

32) The Plaintiff has made all defendants Aware of all Acts herein, requested remedy. However all defendants continue to remain deliberately indifferent to the Plaintiffs safety, medical and Judicial need and request for said services while also failing to report, investigate or Act on the criminal Acts defendants subjected the Plaintiff to. "A claim of municipal Policy of deliberate Indifference Generally only requires that the risk of a Plaintiffs constitution be made Obvious" See Canton v Harris 489 U.S at 390. The Plaintiff has indeed made his constitutional right violations astronomically obvious to all defendants and All continue to remain deliberately Indifferent. See Putnam v Allen 466 U.S. 522, 541, 543, 104 S. ct 1970 (1984) No Parties are absolutely immune, have indeed departed from Judicial roles and have acted in clear absence of all Jurisdiction. Claims for Relief

33) The Plaintiff hereby incorporates all allegations set forth in Paragraph 1 through herein and realleges them as set Forth Below:

34) The actions of Defendants Lance Pollesner, Dustin Demonte, Micheal Marino, Mark Kichar, Robert Gotowala, Geoffrey Lund, Elizabeth Mosher, Marcia Gleeson, James Tamborra, Andrew Glass, Jeffrey A. Meyer, Sarah A.L Merriam, Alexander T Tarbes, City of Bristol and Joeseph Biden as well as William Tong in subjecting the Plaintiff to Death, Excessive Force, Assault and Battery, Neanaeriel Deliberate Indifference, Faivre to Supervise Train Protect, Defamation of Character Slander, Denial of Due Process, Discrimination, Conspiracy thereof an above claims as well obstruction of Justice and retaliation violated the Plaintiffs 4th, 14th and 1st amendment rights to be free from the above unconstitutional Acts. As a direct and proximate result the Plaintiff has been induced Physically, mentally and emotional as well as Slandered and Defamed on social media and Television New stations. The Possibility to Undo the damage done to the Plaintiffs Public image is non-existent.

<u>Relief Requested</u>

Wherefore the Plaintiff reavests the court to Grant the following Relief:

(A). Issue a declatory Judgement stating that:

The Action of the defendants violated the Plaintiffs Constitional rights as set forth herein or however the court Sees Fit.

(B) Issue an Injunction Ordering Defendants to:

Instantly Order the Termination and Prosecution of defendants Lance Pollesner, Micheal Marino, Dustin Demonte and Mark Kichar (and conspicators thereof)

Instantly Reverse Any Judgements made by defendants Jeffrey A Meyer and Sarah A.L Merriam regarding discovery or dismissal Sanctions

Instantly Issue an order mandating the defendants to take the Plaintiff to a Hospital to recieve (the Already ordered) Lesion removal surgery, electroencephalogram evaluation, magnetic resonance Imaging of his head Back and hands as well as the treatment to Fix the injuries discovered these of

(C) Award comensatory damages **against all** defendants in the amount of $125,000,000

(D) Award Punitive damages against all defendants in the amount of $7,000,000

(E) Grant all other relief as the Plaintiff is entitled