UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHAWN MILNER, :  *Plaintiff*, : : v. : : BRISTOL POLICE DEPT., ET AL., :  *Defendants*. : | Case No. 3:23-cv-374 (OAW) JUNE 14, 2023 |

**INITIAL REVIEW ORDER**

Self-represented plaintiff Shawn Milner has filed a complaint naming fifteen defendants, the Bristol Police Department; Bristol Police Officers Lance Podlesney, Dustin DeMonte, Michael Marino, Mark Kichar, Rodney Gotowala, and Geoffrey Lund; Elizabeth Mosley; Marcia Gleeson; James Tallberg; Andrew Glass; the Honorable Jeffrey A. Meyer; the Honorable Sarah A.L. Merriam; President Joseph Biden; and the City of Bristol.  Within the body of the complaint, Plaintiff also lists as defendants Vice-President Kamala Harris and John Does 1-5.

Plaintiff states that he brings this action under 42 U.S.C. §§ 1982, 1983, 1985, and 1986 for violation of his rights under the Fourth, Fourteenth, and First Amendments. Plaintiff also invokes the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* Specifically, he asserts federal claims for use of excessive force, deliberate indifference to serious medical needs, failure to supervise and train, denial of due process, obstruction of justice, and conspiracy.  He also asserts state law claims for assault and battery, negligence, and defamation.  He seeks damages and injunctive relief.

The Prison Litigation Reform Act requires that federal courts review complaints

brought by prisoners seeking relief against a government entity or officer or employee of a government entity. 28 U.S.C. § 1915A(a). Upon review, the court must dismiss any complaint (or any portion thereof) that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(b), 1915A(b).

I.   **FACTUAL BACKGROUND**

The court does not now narrate all of the facts alleged in each claim, but instead summarizes (as context for its ruling) Plaintiff's basic factual allegations.

On April 11, 2018, Bristol Police Officers Jason Kasperian and Mark Kichar stopped a vehicle that was not driven by Plaintiff. Compl. at ¶ 11, ECF No. 1. They falsely charged Plaintiff with operating the vehicle.[1] *Id.* ¶ 12. After being pulled from the vehicle, Plaintiff "was forced to create distance" from Officer Kichar. *Id.* ¶ 14. Officer Kichar fired his taser at Plaintiff but did not hit him. *Id.*

When Plaintiff moved further away from Officer Kichar, Officer Podlesney drove his police vehicle onto the sidewalk allegedly striking Plaintiff and causing him to fall to the ground. *Id.* ¶ 15. Officer Kichar struck Plaintiff and pinned his neck and Officer Podlesney knelt on Plaintiff's head and neck. *Id.* Officer Marino handcuffed Plaintiff with his hands behind his back while Plaintiff was bleeding and going in and out of consciousness. *Id.* Although Plaintiff was restrained and not resisting, Officer Podlesney

---

[1] Throughout the Complaint, Plaintiff refers to various exhibits as support for his allegations. No exhibits were filed with the Complaint.

began punching Plaintiff hard enough to injure his own hand and began grinding his knee back and forth on Plaintiff's head, crushing his face into the cement.  *Id.*  Officers Marino, DeMonte, and Kichar watched and then began assaulting Plaintiff.  *Id.* ¶ 16–17.  No medical care was provided until Plaintiff experienced a seizure and immediately was taken to the hospital.  *Id.* ¶ 22.

Plaintiff alleges that Defendant Mosley and Judges Meyer and Merriam failed to investigate and to discipline the police officer defendants, and also that they denied Plaintiff camera footage, emails, and reports.  *Id.* ¶ 23.  He also alleges that they permitted Defendants Glass and Tallberg to withhold requested evidence.  *Id.* ¶ 24.  Plaintiff alleges that this resulted in the dismissal of a previous, related lawsuit.  *Id.*

**II.    DISCUSSION**

Plaintiff includes seven causes of action: (1) illegal search and seizure against Defendants Kichar, Podlesney, Marino, and DeMonte; (2) excessive force/assault and battery against Defendants Kichar and Podlesney; (3) failure to protect/train/supervise against Defendants Marino, DeMonte, and Kichar, for failure to intercede when Officer Podlesney was punching Plaintiff, and against Defendants Gotowala, Lund, Mosley, Gleeson, Meyer, Merriam, and Glass, for failing to ensure that the officers were held accountable for their actions; (4) deliberate indifference to serious medical and safety needs against Defendants Podlesney, Marino, Kichar, and DeMonte; (5) denial of due process/equal protection of the laws based on failure of Defendants Meyer, Merriam, Glass, Tallberg, and Mosley to provide requested videotapes; (6) defamation of character/slander/libel based on the appearance of video footage on television and social

3

media; and (7) conspiracy in that Defendants Meyer, Merriam, Mosley, Glass, and Tallberg conspired to deny Plaintiff evidence he needed to prevail in his prior federal case.

### A. Claims Against Defendants Podlesney, DeMonte, Marino, Kichar, Gotowala, Lund, Bristol Police Department, and City of Bristol

On June 20, 2018, Plaintiff filed a lawsuit in this district, *Milner v. City of Bristol*, No. 3:18-cv-1104 (JAM). The defendants were the City of Bristol, the Bristol Police Department, and Officers Mark Kichar, Podlesney, Dustin DeMonte, Jason Kasparian, Rodney Gotowala, Geoffrey Lund, and Marino. As in the present matter, that lawsuit was based upon the same underlying incident from April 11, 2018.

It is well-settled that "[o]nce a court has decided an issue, it is 'forever settled as between the parties.'" *B&B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 147 (2015) (quoting *Baldwin v. Iowa State Traveling Men's Ass'n*, 283 U.S. 522, 525 (1931)). This principle, which underlies the doctrine of res judicata or claim preclusion, does not promise a perfect outcome for all litigants; many litigants believe that the result of their litigation was unjust or incorrect. *See Blinkoff v. City of Torrington*, No. 3:21-CV01516(SRU), 2023 WL 2742333, at *6 (D. Conn. Mar. 31, 2023). "Res judicata will bar subsequent litigation if the earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *Overview Books, LLC v. United States*, 438 F. App'x 31, 33 (2d Cir. 2011) (internal quotation marks omitted). "Res judicata not only bars relitigation of claims previously litigated, but also precludes claims that could have been brought in earlier proceedings." *Arizona v. California*, 530 U.S. 392, 424 (2000) (Rehnquist, C.J., concurring in part).

Like represented litigants, pro se litigants are bound by the doctrine of res judicata. *See Romanka v. H&R Block Mortg. Corp.*, No. 17-cv-7411, 2018 WL 4782979, at *5 (E.D.N.Y. Sept. 30, 2018) (citation omitted). In addition, although claim preclusion is an affirmative defense usually pleaded in the answer, the court may raise res judicata on its own initiative. *See, e.g., Grieve v. Tamerin*, 269 F.3d 149, 154 (2d Cir. 2001) (affirming district court's dismissal on grounds of issue preclusion even though defendant failed to plead that defense and noting that "principles of preclusion involve" not only "the rights and interests of the parties," but also "important interests of the public and the courts in avoiding repetitive litigation and potentially inconsistent decisions"); *Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993) ("The failure of a defendant to raise *res judicata* in [an] answer does not deprive a court of the power to dismiss a claim on that ground.").

Plaintiff's prior case was dismissed with prejudice as a sanction for his failure to comply with the court's discovery orders. See *Milner v. City of Bristol*, No. 3:18-CV-1104 (JAM), 2021 WL 4391240, at *3 (D. Conn. Sept. 24, 2021). The Second Circuit has held that "[a] dismissal with prejudice has the effect of a final adjudication on the merits favorable to defendant and bars future suits brought by plaintiff upon the same cause of action." *Mohamad v. Rajoub*, No. 17 Civ. 2385(LAP), 2018 WL 1737219, at *7 (S.D.N.Y. Mar. 12, 2018) (quoting *Samuels v. Northern Telecom, Inc.*, 942 F.2d 834, 836 (2d Cir. 1991) (quotation marks omitted)). Further, the dismissal of a case as a sanction for willful disobedience of court orders and failure to comply with discovery requests "operated as a final judgment on the merits for claim preclusion purposes." *Snyder v. Yonkers Public Sch. Dist.*, 315 F. Supp. 2d 499, 502 (S.D.N.Y. 2004) (citation omitted). "The Second Circuit has squarely held that when a first action is dismissed for failure to comply with

discovery orders and a second action is brought on the same claim, by the same plaintiff that claim should be barred." *Id.* Thus, the first two requirements for application of the doctrine of res judicata (final judgment on the merits, by a court of competent jurisdiction) are satisfied.

The next res judicata requirement relates to both cases involving the same parties. Both the previous case and the one now before the court share as defendants the same police officers, the City of Bristol, and the Bristol Police Department. In addition, Plaintiff asserts the same claims against them as he asserted in the previous case. Although Plaintiff has amended his legal theory to include reference to the killing of George Floyd, "[a] party cannot avoid the preclusive effect of *res judicata* by asserting a new theory or a different remedy." *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017). Thus, res judicata applies and bars the claims[2] against these defendants.[3]

### B.  Claims Against Judges Meyer and Merriam

Plaintiff asserts claims against Judges Meyer and Merriam based on their orders and rulings in the former case, *Milner v. City of Bristol*, No. 3:18-CV-1104 (D. Conn. June 29, 2018). He contends that they "obstructed justice" and denied him due process

---

[2] Although not included in his causes of action, any claims against the Bristol police defendants referenced in the introductory paragraph for violation of rights under 42 U.S.C. §§ 1982, 1985, and 1986, or for violation of the Americans with Disabilities Act also are barred by the doctrine of res judicata.

[3] In addition, the limitations period to file a section 1983 action in Connecticut is three years. *See Thompson v. Rovella*, 734 F. App'x 787, 788-89 (2d Cir. 2018). The incident with the Bristol police defendants occurred in April 2018, about five years before Plaintiff filed this action. Thus, the claim also is time-barred. As Plaintiff has not identified the John Doe defendants within the limitations period, he cannot state cognizable claims against them. *See Hogan v. Fischer*, 738 F.3d 509, 517-18 (2d Cir. 2013) ("'John Doe' pleadings cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued."); *see also Abreau v. City of New York*, 657 F. Supp. 2d 357, 363 (E.D.N.Y. 2009).

because they failed to ensure that he received all the discovery he wanted. Plaintiff also argues that Judges Meyer and Merriam failed to hold the police officer defendants accountable for their actions. The court assumes that this claim is based on the fact that Plaintiff did not prevail in the other case. In addition to damages, Plaintiff seeks injunctive relief to "instantly reverse any judgments made by defendants Jeffrey A. Meyer and Sarah A.L. Merriam regarding discovery or dismissal sanctions." Compl. at p. 19–20.

"It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." *Bliven v. Hunt,* 579 F.3d 204, 209 (2d Cir.2009) (citations omitted). This immunity is "from suit, not just from ultimate assessment of damages." *Mireles v. Waco,* 502 U.S. 9, 11 (1991) (citation omitted). "The law affords judges absolute immunity from personal liability for acts 'committed within their judicial jurisdiction,' however erroneous the act and regardless of motivation." *Tapp v. Champagne*, 164 F. App'x 106, 107-08 (2d Cir. 2006) (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). Absolute immunity also bars Plaintiff's claims for injunctive relief against these judges. Indeed, by its terms, section 1983 bars injunctive relief "against a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." *See* 42 U.S.C. § 1983; *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999).

There are two exceptions to this judicial immunity: "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune [from] actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11–12.

Plaintiff's claims against Judges Meyer and Merriam do not satisfy either

exception.  His complaint deals with their handling of his case (actions clearly within their judicial function), and he neither identifies a declaratory decree that was violated nor demonstrates the unavailability of declaratory relief.

Plaintiff alleges that the judges conspired with other defendants to deny him discovery, but such claims are not plausible and are wholly conclusory. *See Storck v. Suffolk Cnty. Dep't of Soc. Servs.*, 62 F. Supp. 2d 927, 940 (E.D.N.Y. 1999) (noting conspiracy allegations can be neither vague nor conclusory but must "allege with at least some degree of particularity overt acts which defendants engaged in which were reasonably related to the promotion of the alleged conspiracy.").  Plaintiff's claims are based on his dissatisfaction with discovery rulings and orders issued in his prior federal case.  Plaintiff's recourse was to appeal the decision,[4] not to file a second lawsuit.  *See Guerra v. Jones*, 421 F. App'x 15, 17-18 (2d Cir. 2011).  The claims against Judges Meyer and Merriam are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

### C. Claims Against Defendants Glass, Tallberg, Mosley, and Gleeson

Plaintiff alleges that these four defendants failed to provide him requested discovery materials.  He does not allege facts describing these defendants or indicating whether they are state actors or private citizens.

The court notes that defendants Tallberg and Glass are private attorneys who represented the Bristol police defendants in the prior action.  Private attorneys

---

[4] The court record in the prior case shows that Plaintiff did file an appeal of the dismissal, but the appeal was dismissed when he failed to comply with an order from the United States Court of Appeals for the Second Circuit.  The docket shows that Plaintiff filed multiple motions to reinstate his appeal, with the last Second Circuit docket entry reflecting a cured defect.  *See Milner v. City of Bristol*, No. 21-2160 (2d Cir. May 5, 2023).

representing clients in civil proceedings are not state actors for purposes of a section 1983 action. *Koulkina v. City of New York*, 559 F. Supp. 2d 300, 319 (S.D.N.Y. 2008). The only exception is when the attorney conspires with a state actor. *Id.* Although Plaintiff generally alleges that defendants Tallberg and Glass conspired to deny him requested discovery, he alleges no facts supporting this conclusory statement. Thus, Plaintiff fails to allege a plausible claim against defendants Tallberg and Glass. The claims against them are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Plaintiff alleges no facts describing defendants Mosley and Gleeson and their role in the incidents underlying this case. Plaintiff only states their address as 20 Franklin Square, New Britain, Connecticut. This is the address for the New Britain Judicial District. However, these defendants are not included on the Judge's Mail and Phone Directory page of the Connecticut Judicial Branch website, so the court assumes they are not state court judges.

Plaintiff generally alleges that defendants Mosley failed to hold the police officers accountable and failed to provide him video footage but does not allege fact suggesting that either defendant had the ability to do so. As Plaintiff fails to allege any facts supporting a claim against either defendant, the claims against defendants Mosley and Gleeson are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

**D. Defendants President Biden and Vice-President Harris**

Plaintiff names President Biden and, within the Complaint, Vice President Harris as defendants. He alleges no facts suggesting their involvement in the encounter with police or in his prior federal lawsuit. He merely states in the description of parties that he wrote to them several times about the incidents underlying this case but received no

Case 3:23-cv-00374-OAW   Document 16   Filed 06/14/23   Page 9 of 10

representing clients in civil proceedings are not state actors for purposes of a section 1983 action. *Koulkina v. City of New York*, 559 F. Supp. 2d 300, 319 (S.D.N.Y. 2008). The only exception is when the attorney conspires with a state actor. *Id.* Although Plaintiff generally alleges that defendants Tallberg and Glass conspired to deny him requested discovery, he alleges no facts supporting this conclusory statement. Thus, Plaintiff fails to allege a plausible claim against defendants Tallberg and Glass. The claims against them are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Plaintiff alleges no facts describing defendants Mosley and Gleeson and their role in the incidents underlying this case. Plaintiff only states their address as 20 Franklin Square, New Britain, Connecticut. This is the address for the New Britain Judicial District. However, these defendants are not included on the Judge's Mail and Phone Directory page of the Connecticut Judicial Branch website, so the court assumes they are not state court judges.

Plaintiff generally alleges that defendants Mosley failed to hold the police officers accountable and failed to provide him video footage but does not allege fact suggesting that either defendant had the ability to do so. As Plaintiff fails to allege any facts supporting a claim against either defendant, the claims against defendants Mosley and Gleeson are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

**D. Defendants President Biden and Vice-President Harris**

Plaintiff names President Biden and, within the Complaint, Vice President Harris as defendants. He alleges no facts suggesting their involvement in the encounter with police or in his prior federal lawsuit. He merely states in the description of parties that he wrote to them several times about the incidents underlying this case but received no

9

response. Merely writing a letter to a high-ranking official is insufficient to state a cognizable claim. See Williams v. Hesse, No. 9:16-CV-1343(GTS/TWD), 2020 WL 1480105, at *10 (N.D.N.Y. Feb. 19, 2020) (citations omitted). Any claims against President Biden and Vice President Harris are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

## ORDERS

The complaint hereby is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b). The Clerk of Court is directed to please close this case.

**IT IS SO ORDERED** at Hartford, Connecticut, this 14th day of June, 2023.

/s/
Omar A. Williams
United States District Judge